**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue  
Wantagh, New York 11793  
(516) 826-6500  
Gary F. Herbst, Esq.  
Jordan Pilevsky, Esq.

Hearing Date: October 14, 2014 at 2:00 p.m.  
Objections Due: October 7, 2014 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In re:

AMERICAN FORECLOSURE NETWORK SYSTEMS, INC.,

                Debtor.  
------------------------------------------------------------x

Chapter 7  
Case No.: 14-12244 (MG)

**NOTICE OF HEARING ON THE CHAPTER 7 TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER (I) DESIGNATING JEAN MILLIEN PURSUANT TO RULE 9001(5) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND (II) DIRECTING THE EXAMINATION OF, AND THE PRODUCTION OF DOCUMENTS BY, THE DEBTOR PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**PLEASE TAKE NOTICE**, that on **October 14, 2014 at 2:00 p.m.,** or as soon thereafter as counsel can be heard, a hearing (the "**Hearing**") will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, Southern District of New York located at One Bowling Green, New York, New York 10004, upon the annexed motion (the "**Motion**") of Gregory Messer, Esq., the chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of American Foreclosure Network Systems, Inc. (the "**Debtor**"), by his proposed counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order (i) pursuant to Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") designating Jean Millien ("**Mr. Millien**") as an individual required to act when any act is required under the Bankruptcy Rules and the Bankruptcy Code; (ii) pursuant to Bankruptcy Rule 2004 directing the examination of the Debtor by and through Mr. Millien, and the production of documents in the possession, control

and/or custody of the Debtor; and (iii) granting such other and further relief as this Court deems necessary.

**PLEASE TAKE FURTHER NOTICE**, that objections ("**Objections**") to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Martin Glenn, and served upon, so as to be received by LaMonica Herbst & Maniscalco, LLP, the attorneys for the Interim Trustee, Attn: Gary F. Herbst, Esq. and Jordan Pilevsky, Esq., **no later than October 7, 2014 at 4:00 p.m.** as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 476), which may be accessed through the internet at the Bankruptcy Court's website at: https://ecf.nysb.uscourts.gov (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with § (b) as set forth in this paragraph.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than announcement of such adjournment in open Court.

Dated: October 1, 2014
       Wantagh, New York

                                          **LaMonica Herbst & Maniscalco, LLP**
                                          Proposed Counsel for the Trustee

                          By:    *s/ Gary F. Herbst*
                                          Gary F. Herbst, Esq.
                                          Jordan Pilevsky, Esq.
                                          3305 Jerusalem Avenue, Suite 201
                                          Wantagh, New York 11793
                                          (516) 826-6500

| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>(516) 826-6500<br>Gary F. Herbst, Esq.<br>Jordan Pilevsky, Esq. | Hearing Date: October 14, 2014 at 2:00 p.m.<br>Objections Due: October 7, 2014 at 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

AMERICAN FORECLOSURE NETWORK
SYSTEMS, INC.,

                Debtor.
-----------------------------------------------------------x

Chapter 7

Case No.: 14-12244 (MG)

## CHAPTER 7 TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER (I) DESIGNATING JEAN MILLIEN PURSUANT TO RULE 9001(5) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND (II) DIRECTING THE EXAMINATION OF, AND THE PRODUCTION OF DOCUMENTS BY, THE DEBTOR PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF <u>BANKRUPTCY PROCEDURE</u>

      Gregory Messer, Esq., the chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of American Foreclosure Network Systems, Inc. (the "**Debtor**"), by his proposed counsel, LaMonica Herbst & Maniscalco, LLP, in support of his motion (the "**Motion**") seeking the entry of an Order (i) pursuant to Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") designating Jean Millien ("**Mr. Millien**") as an individual required to act when any act is required under the Bankruptcy Rules and the Bankruptcy Code; (ii) pursuant to Bankruptcy Rule 2004 directing the examination of the Debtor, by and through Mr. Millien, and the production of documents in the possession, control and/or custody of the Debtor; and (iii) granting such other and further relief as this Court deems necessary, respectfully states and represents as follows:

4

**Jurisdiction and Statutory Predicates**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory predicates for the relief requested herein, include, *inter alia,* 11 U.S.C. § 105(a) and Bankruptcy Rules 2004 and 9001.

**Background**

5. On July 31, 2014 (the "**Petition Date**"), the Debtor filed a voluntary petition (the "**Petition**") for relief pursuant to chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

6. By Notice of Appointment, Gregory Messer, Esq. was appointed interim Chapter 7 Trustee of the Debtor's estate and has since duly qualified by operation of law as the permanent Trustee in this case.

7. By application dated September 30, 2014, the Trustee has sought the approval and authorization for the retention of LaMonica Herbst & Maniscalco, LLP as his attorneys in this matter (the "**Retention Application"**). The Retention Application is presently pending before this Court. See Dkt. No. 7.

8. Based on the very limited documents in the Trustee's possession and an independent online investigation of the Debtor, it appears that the Debtor was engaged in the business of purchasing multi-family, distressed real properties in Brooklyn, New York. Upon information and belief, as of the Petition Date, the Debtor maintained an interest in

5

approximately six (6) real properties.  Moreover, upon information and belief, the Debtor transferred several real properties within the months leading up the Petition Date.[1]

9.      According to the Petition, and based on numerous publicly recorded documents found online, Mr. Millien is the president and secretary of the Debtor.  Upon information and belief, Mr. Millien is the person responsible for the acting on behalf of the Debtor.

**A.      Bankruptcy Rule 9001 Designation**

10.     After filing a "bare bone" Petition 2-months ago, the Debtor failed to file any of its bankruptcy schedules with the exception of a corporate resolution.

11.     Further, the Debtor failed to appear at its initial meeting of creditors, held pursuant to Section 341(a) of the Bankruptcy Code, on its scheduled date of September 5, 2014.

12.     Pursuant to Bankruptcy Rule 9001(5), when a debtor is not a natural person, the Court may designate an individual, including any or all of a debtor's officers, directors, trustees, controlling stockholders or members, or any other persons in control, such as Mr. Millien, to perform any act, including the filing of bankruptcy schedules, the production of books and records of the Debtor and attendance at examinations, required by the Bankruptcy Code and the Bankruptcy Rules.

13.     Upon information and belief, Mr. Millien is the person in control of the Debtor's financial affairs and is the most knowledgeable person concerning the financial and operational affairs of the Debtor.

14.     Accordingly, the Trustee submits that it is in the best interests of the Debtor's estate, its creditors and all parties in interest to designate Mr. Millien to perform any act required

---

[1]     Upon information and belief, Mr. Millien was charged in 2008 in connection with a real estate scheme that defrauded several individuals on Long Island through a prior business venture known as American Home Buyers Consulting Services, Inc.

by the Bankruptcy Rules, including but not limited to, the filing of bankruptcy schedules and statement of financial affairs, attending and providing testimony at meetings held pursuant to 11 U.S.C. § 341(a), and providing such cooperation, information and support to the Trustee as is necessary during this chapter 7 case.

15.     In order to fulfill his duties as Trustee as set forth in Section 704 of the Bankruptcy Code, the Trustee needs certain information about the Debtor, its business, its financial affairs and its creditors. The Trustee desires to investigate the Debtor's financial affairs, including, without limitation, the real properties presently owned by the Debtor and those transferred prior to the Petition Date.

16.     To date, the Trustee is not in possession of any documents relating to the Debtor other than those found on the Court's docket and other publicly recorded land records.

17.     As such, pursuant to Bankruptcy Rule 9001(5), Mr. Millien should be designated as a person to perform any act required by the Bankruptcy Code and Bankruptcy Rules. Such designation will facilitate the Trustee's administration of this estate for the benefit of its creditors and is necessary for the proper and efficient administration of this estate.

**B.**     **Bankruptcy Rule 2004 Examination and Production of Documents**

18.     In addition to the relief requested under Bankruptcy Rule 9001, this Motion also seeks the entry of an order directing the examination, under oath, of the Debtor by and through Mr. Millien pursuant to Bankruptcy Rule 2004. Further, the Trustee also seeks the production of the documents by the Debtor that are set forth in the Proposed Order annexed hereto as **Exhibit "A"**.

19.     As already mentioned herein, the Trustee has identified several real properties in Brooklyn in which the Debtor presently maintains an interest as owner and additional properties

which the Debtor transferred within a year of the Petition Date. However, publicly recorded documents that may be found online, the Trustee is not in possession of any further documents relating to such real properties and the circumstances leading up to their purchases and, in some cases, subsequent sales. Significantly, at this juncture the Trustee is not able to identify real properties that the Debtor may have and/or had an interest in that is located outside one of the 5-bouroughs due to the lack of an online land registry presence of those counties.

20. Accordingly, the Trustee submits that it is appropriate and necessary to investigate the real properties and the overall financial affairs of the Debtor.

21. The Court may order the examination of any entity pursuant to Bankruptcy Rule 2004 on motion of any party in interest. The Trustee further submits that Bankruptcy Rule 2004 does not require such motion to be made on notice. See *Advisory Committee Note to Bankruptcy Rule 2004 (a)* which provides that "a motion for (a Rule 2004 Examination) may be heard *ex parte* or it may be heard on notice."

22. The scope of examination under Bankruptcy Rule 2004(b) may include, among many other things: any matter that may relate to the property and assets of the estate, the financial condition of the debtor, and any matter which may affect the administration of a debtor's estate. See Bankruptcy Rule 2004. See also Martin v. Keybank of New York, 208 B.R. 807, 810 (N.D.N.Y 1997) (the general rule is that the scope of a Rule 2004 Examination is very broad and great latitude of inquiry is ordinarily permitted); In re CENA's Fine Furniture Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y 1990) (the scope of a Rule 2004 examination is unfettered and broad.....examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds) (internal citations omitted); In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y

8

1996) (noting that Rule 2004 Examinations have been likened to "fishing expeditions into general matters and issues regarding the administration of the bankruptcy estates").

23. The scope of a Bankruptcy Rule 2004 examination is very broad and is commonly recognized as more in the nature of a "fishing expedition." See In re W&S Investments, Inc., No. 91-35830, 1993 WL 18272, at *2 (9th Cir. Jan. 28, 1993); In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985). The purpose of a Rule 2004 examination is to assist the investigator in revealing the nature and extent of the estate and to discover assets of the debtor that may have been intentionally or unintentionally concealed. See In re Bennett Funding Group, Inc., 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996) (stating rule) (citing In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991)). Accordingly, Bankruptcy Rule 2004 affords both debtors and creditors the broad rights of examination of a party's documents and records. See Snyder v. Society Bank, 181 B.R. 40, 41 (S.D. Tex. 1994), aff'd, 52 F.3d 1067 (5th Cir. 1995) (citing Cameron v. United States, 231 U.S. 710, 716 (1914)). Moreover, all third-party non-debtors who can be shown to have a relationship with the debtor are subject to examination. See In re Olsen, No. UT-98-088, 1999 WL 513846, at *2 (10th Cir. B.A.P. June 24, 1999); Bennett Group, 203 B.R. at 27-28.

24. The production of documents by the Debtor and the oral examination of the Debtor are not only authorized by Bankruptcy Rule 2004, but are in the best interests of the Debtor's estate and creditors. The Trustee wishes to investigate the nature and extent of (a) all the real properties that the Debtor presently maintains an interest in and those which were transferred by the Debtor prior to the Petition Date; (b) the Debtor's business interests; and (c) the Debtor's overall financial affairs. Accordingly, the Trustee submits that the production and

turnover of the documents in Debtor's possession, custody and/or control are necessary and warranted to further the administration of this estate.

25. In view of these precedents, it is requested that the Trustee, through counsel, be authorized to serve the Proposed Order and subpoena on the Debtor by first class mail as a means reasonably calculated to provide notice to the Debtor and delivered to his counsel, and that such service be deemed good and proper service of such Order and subpoena.

26. By virtue of the foregoing, the Trustee respectfully submits that he is entitled to the relief requested herein.

27. No prior application for the relief requested herein has been made by this Trustee to this or any other court.

28. This Motion cites the appropriate statutory authorities and rules, and accordingly, the Trustee submits that under Local Bankruptcy Rule 9013-1(a), no memorandum of law is required.

**WHEREFORE,** the Trustee respectfully requests entry of an Order, substantially in the form annexed hereto, (a) designating Jean Millien as a person required to act pursuant to Bankruptcy Rule 9001(5); (b) directed the Debtor to appear for an oral examination and to produce certain documents to the Trustee pursuant to Bankruptcy Rule 2004; and (c) granting such other and further relief as this Court deems just and proper.

Dated:  October 1, 2014
        Wantagh, New York

**LaMonica Herbst & Maniscalco, LLP**
Proposed Counsel for the Trustee

By:   *s/ Gary F. Herbst*
      Gary F. Herbst, Esq.
      Jordan Pilevsky, Esq.
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      (516) 826-6500

*M:\Documents\Company\Cases\American Foreclosure\9001 Motion\Motion.doc*